**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED

2016 APR 13  PM 2: 04

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| **ERIC FLORES,** | § | |
| **TDCJ No. 2051801,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-16-CV-105-FM** |
| | § | |
| **R. MOORE, Senior Warden,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Eric Flores, a state prisoner at the Middleton Unit in Abilene, Texas, challenges

Respondent Senior Warden R. Moore's custody of him through petition for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254.   Mindful of Flores's *pro se* status,[1] the Court understands him to assert the

trial court deprived him of his right to a speedy trial, denied him the opportunity to present witnesses in his

defense, and exhibited bias against him because of his visible tattoos.[2]   After reviewing the available

records, the Court concludes it should dismiss Flores's petition without prejudice because he has not

exhausted his available state remedies.   The Court additionally concludes that it should deny Flores a

certificate of appealability.

### BACKGROUND AND PROCEDURAL HISTORY

Flores is currently serving a six-year sentence as the result of a conviction in the 120th Judicial

District Court of El Paso County, Texas, for burglary of a building.[3]   Flores claims he appealed the

---

[1] *See* Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent
standards than formal pleadings drafted by lawyers).

[2] Pet'r's Pet. 6-7, Mar. 24, 2016, ECF No. 1-1.

[3] State v. Flores, 20110D01621 (120th Dist. Ct., El Paso Cnty., Tex. Jan. 28, 2016).

judgment, but state court records show he filed a petition for a writ of mandamus against the trial judge, alleging that she sentenced him "and his mother to death because he raised a conspiracy defense in a pending criminal case."[4]   Flores does not suggest or provide evidence that he filed a state application for a writ of habeas corpus.   Moreover, available court records do not show that he filed either a direct appeal or a state application for a writ of habeas corpus.[5]

### LEGAL STANDARD

Section 2254 allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[6]   As a prerequisite to obtaining § 2254 relief, however, a prisoner must exhaust all remedies available in the state system.[7] This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[8]   It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[9]

A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas

---

[4] In re Flores, No. 08-15-00363-CR, 2016 WL 155934, at *1 (Tex. App. Jan. 13, 2016, pet. ref'd).

[5] See http://www.search.txcourts.gov/Case.aspx?cn=PD-0220-16&coa=coscca, last visited on April 6, 2016.

[6] 28 U.S.C. § 2254(a) (2012).

[7] Id. § 2254(b)(1), (c); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999).

[8] Picard v. Connor, 404 U.S. 270, 275 (1971) (quoting Wilwording v. Swenson, 404 U.S. 249, 250 (1971)).

[9] Ex Parte Royall, 117 U.S. 241, 251 (1886).

claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[10]   In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[11]   Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[12]

ANALYSIS

The rules governing § 2254 cases instruct federal district courts to screen petitions.[13]   "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[14]

In the instant case, Flores's petition clearly shows that he has not presented his claims—the trial court deprived him of his right to a speedy trial, denied him the opportunity to present witnesses in his defense, and exhibited bias against him because of his visible tattoos[15]—in a procedurally proper manner to the state's highest court.[16]   Thus, he has not "exhausted the remedies available in the courts of the

---

[10] Baldwin v. Reese, 541 U.S. 27, 29 (2004); Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004).

[11] Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985).

[12] See Tex. Crim. Proc. Code Ann. art. 11.07 (West) ("This article establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."); Tigner v. Cockrell, 264 F.3d 521, 526 (5th Cir. 2001); Alexander v. Johnson, 163 F.3d 906, 908-09 (5th Cir. 1998).

[13] 28 U.S.C. foll. § 2254 Rule 4.

[14] Id.

[15] Pet'r's Pet. 6-7, Mar. 24, 2016, ECF No. 1-1.

[16] Id. at 3.

State."[17]   Further, he still "has the right under the law of the State to raise ... the question[s] presented."[18] Thus, it is plain from the face of Flores's petition that he has not satisfied the preconditions for review set forth in § 2254.   Dismissal of his petition for lack of exhaustion is therefore warranted so that he may fully pursue his state remedies and then return to this Court, if he so desires.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[19]   A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."[20]   In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[21]   To warrant the granting of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[22]   Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case is correct.   Accordingly, the Court finds it

---

[17] 28 U.S.C. § 2254(b)(1)(A).

[18] *Id.* § 2254(c).

[19] 28 U.S.C. § 2253(c)(1)(B) (2012).

[20] *Id.* § 2253(c)(2).

[21] Slack v. McDaniel, 529 U.S. 473, 484 (2000).

[22] *Id.*

should deny Flores a certificate of appealability.

## CONCLUSION

For the reasons discussed above, the Court concludes that Flores is not entitled to federal habeas corpus relief at this time.   Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Eric Flores's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state remedies.

**IT IS FURTHER ORDERED** that Petitioner Eric Flores is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that the District Clerk shall immediately **NOTIFY** Petitioner Eric Flores of this decision.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SO ORDERED.**

**SIGNED** this ___13___ day of April, 2016.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**